**Thomas STEFANIK, Plaintiff,**

v.

**FRIENDLY ICE CREAM CORPORATION,
Defendant.**

**Civ.A. No. 98–30114–MAP.**

United States District Court,
D. Massachusetts.

Nov. 30, 1998.

Thomas Stefanik, Holyoke, MA, plaintiff pro se.

John F. Burke, Jr., Morrison, Mahoney & Miller, Springfield, MA, for Friendly Ice Cream Corporation, defendant.

*MEMORANDUM REGARDING DEFEN-*
*DANT'S MOTION FOR SUMMARY*
*JUDGMENT AND PLAINTIFF'S MO-*
*TION FOR SUMMARY JUDGMENT.*
*(Docket Nos. 12 & 14)*

PONSOR, District Judge.

## I.  INTRODUCTION

Plaintiff, pro se, has filed this complaint alleging that he suffered injuries as a result of ingesting tainted ice cream manufactured by the defendant Friendly Ice Cream Corporation.  Defendant has filed a Motion for Summary Judgment, contending that, in the absence of diversity of citizenship, this court lacks subject matter jurisdiction.  For the reasons set forth below, the defendant's motion will be allowed.

## II.  PROCEDURAL AND FACTUAL BACKGROUND

For purposes of this motion, the court will view the facts of record in the light most favorable to the plaintiff. ·

Plaintiff alleges that between May 1, 1996 and December 27, 1997 he "consumed food products of 4 ounce size containers of sundaes manufactured by defendant."  Complaint (Docket No. 3) at ¶ 3.  These containers "were tainted by fire at defendant's place of business."  *Id.*  As a result of consuming these products, plaintiff charges that he suffered a stomach disorder, including diarrhea and vomiting over a two-week period.  *See* Exhibit to Plaintiff's Motion for Summary Judgment (Docket No. 14).

The complaint in this matter was filed on June 11, 1998.  In the portion entitled "Parties," plaintiff states as follows:

1.  The plaintiff Stefanik is an individual residing in Hampshire County at 185 River Road, Middlefield, Massachusetts within the Commonwealth of Massachusetts.

2.  The defendant Friendly Ice Cream Corporation is an entity located at 1855 Boston Road, North Wilbraham, Massachusetts and is able to sue and be sued.

Complaint at ¶¶ 1–2.

## III.  DISCUSSION

Relying on a straightforward · reading of the complaint, the defendant moved for sum-

mary judgment based on lack of diversity of citizenship.  28 U.S.C. § 1332 (1997).  Defendant's memorandum was supported by an affidavit confirming that the defendant is, indeed, a Massachusetts corporation, as alleged by the plaintiff in his complaint.

In response to the Motion for Summary Judgment, the plaintiff has filed an affidavit alleging, for the first time, and in direct contradiction to the averments of his complaint, that he is a "resident of Sarasota, Florida since February 28, 1989 through present."  Exhibit A, Affidavit of Thomas Stefanik, attached to plaintiff's Motion for Summary Judgment (Docket No. 14) at ¶ 1.  Plaintiff lists a principal place of residence as 3944 Iola Drive, Sarasota.  *Id.* at ¶ 2.  He adds that his "voter's registration number is 8902581 in Sarasota, Florida."  *Id.* at ¶ 3.

Plaintiff's attempt to defend against defendant's Motion for Summary Judgment confronts two substantial obstacles.

First, it is well established that once jurisdiction is challenged, the plaintiff bears the burden of supporting his allegations of jurisdiction with competent proof.  *See O'Toole v. Arlington Trust Co.,* 681 F.2d 94, 98 (1st Cir.1982).  In this case, the strongest proof of residence are plaintiff's own words as set forth in the complaint.  In addition, the docket lists a post office box in Holyoke, Massachusetts as the plaintiff's address for purposes of the litigation.  Although voting registration has been recognized as a "weighty" factor in determining domicile, *see Lundquist v. Precision Valley Aviation, Inc.,* 946 F.2d 8, 12 (1st Cir.1991), the mere conclusory averment of voter registration, offered for the first time in response to a motion for summary judgment, is not adequate evidence to carry plaintiff's burden in the face of a jurisdictional challenge.

More importantly, the plaintiff is simply not permitted to offer, without explanation, evidence directly contradicting the allegations of his own complaint, in the face of a motion for summary judgment.  In *Colantuoni v. Alfred Calcagni & Sons, Inc.,* 44 F.3d 1 (1st Cir.1994), Judge Coffin addressed the situation where an interested witness

gave "clear answers to unambiguous questions" at a deposition but later attempted to resist summary judgment with an affidavit that was "clearly contradictory" to his prior deposition. The court noted the absence of any effort to explain the plaintiff's change in position and found it significant that the affidavit "was offered only after defendants had filed motions for summary judgment." *Id.* at 5. Under these circumstances, the court concluded that the contradictory affidavit "should be disregarded in considering the propriety of summary judgment." *Id.* (citations omitted).

 Similarly, in this case, plaintiff is not permitted to kick over the chess board in the face of a checkmate. He is bound by the averments of his pleadings and may not, particularly on such a flimsy showing, simply contradict them to avoid summary judgment.

### IV. CONCLUSION

For the foregoing reasons, defendant's Motion for Summary Judgment is hereby ALLOWED. The plaintiff's Motion for Summary Judgment (which appears in fact to be merely an opposition to the defendant's Motion for Summary Judgment) is DENIED. The clerk is ordered to enter judgment for the defendant.